IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAVISTAR FINANCIAL CORP., | : | |
| | : | CIVIL NO.  4:03-CV-2089 |
| Plaintiff | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| PINNACLE TRUCK SALES & | : | |
| CORPORATION, WEST END | : | |
| MOTOR COMPANY, INC., | : | |
| RAMON P. GRAPSY, | : | |
| JOAN MARIE GRAPSY, RAMON | : | |
| P. GRAPSY, III and DENISE | : | |
| GRAPSY, | : | |
| Defendants | : | |
| | : | |
| v. | : | |
| | : | |
| NAVISTAR INTERNATIONAL | : | |
| TRANSPORTATION | : | |
| CORPORATION n/k/a | : | |
| INTERNATIONAL TRUCK AND | : | |
| ENGINE CORPORATION, | : | |
| | : | |
| Third-Party Defendant | : | |

**MEMORANDUM AND ORDER**

**May 20, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a motion to recuse the undersigned judge ("the Motion")(doc. 112) filed by Third-Party Defendant Navistar International

1

Transportation Corp., n/k/a International Truck & Engine Corporation ("International") on May 19, 2005.

In the Motion, International moves for recusal, asserting that "impartiality might reasonably be questioned" due to a financial arrangement between the undersigned and counsel for Defendant West End Motor Company, Frederick Fanelli, Esquire, which involved the referral of a single personal injury case to Mr. Fanelli in exchange for a referral fee upon our joining the federal bench. (See Int.'s Br. Supp. Mot. Recuse at 1).[1]

There are two statutory provisions that address recusal: 28 U.S.C. §§ 144 and 455. The two statutory provisions have been deemed *in pari materia* so that the test for disqualification is similar under both sections. See, e.g., United States v. Gittman, 1989 U.S. Dist. LEXIS 9587, *6 (E.D. Pa. 1989); United States v. Romano, 1988 U.S. Dist. LEXIS 12257, *4 (E.D. Pa. 1988). To warrant recusal under § 144, the motion and affidavit must allege a factual basis for a finding of extrajudicial bias. The judge must harbor actual bias against the litigant that is not

---

[1] We will note that, as International confirms, the case which was the subject of our referral concluded in or about June 2004. While the case sub judice appeared on our docket at the time of its filing on November 20, 2003, Mr. Fanelli entered his appearance for Defendant West End Motor Company later, while the matter was pending before U.S. Magistrate Judge Blewitt. Accordingly, our first exposure to the merits of the case did not occur until we received Judge Blewitt's reported recommendations on November 19, 2004, which was well after Mr. Fanelli had resolved the case which we had referred to him.

derived from the evidence or conduct of the parties which the judge observes in the course of the proceedings.  <u>Johnson v. Trueblood</u>, 629 F.2d 287, 290-91 (3d Cir. 1980).  Section 455, as International submits, requires a judge to recuse himself in any proceeding in which "his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The Third Circuit Court of Appeals has instructed that the above language has been interpreted to mean that "a judge should recuse himself where a reasonable man knowing all of the circumstances would harbor doubts concerning the judge's impartiality."  <u>United States. v. Dalfonso</u>, 707 F.2d 757, 760 (3d Cir. 1983).

      While the Court finds the logic and thrust of International's Motion and accompanying brief to be somewhat dubious, we have by reason of the referenced referral to Mr. Fanelli evidently given International's counsel the impression that "impartiality might reasonably be questioned," which raises at least an appearance of bias in the case <u>sub</u> <u>judice</u>.  Under the circumstances, we believe it pointless to argue the finer points of recusal, and will relinquish this file.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Third-Party Defendant International's Motion for Recusal (doc. 112) is GRANTED.

2. The Clerk of Court shall reassign this case to another judge.

s/ John E. Jones III  
John E. Jones III  
United States District Judge